# Korman's Application for Mandamus against Hon. J. B. McPherson.

*Special courts—Acts of May 5, 1864, and March 24, 1887.*

Judges specially presiding under the act of March 24, 1887, P. L. 14, are authorized by section 2 of the act of May 5, 1864, P. L. 829, to file their opinions in vacation disposing of pending motions for new trials, although disposed of adversely to the wishes of the associate judges not learned in the law.

April 17, 1894.   Petition by Lyman Korman for mandamus against Hon. John B. McPherson.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ.

The petition for mandamus averred substantially as follows : In December, 1893, the case of Lyman Korman v. A. G. Morris was tried in the common pleas of Centre county, before Judge McPHERSON of the 12th district, specially presiding, and the two associate judges of Centre county.   Judge McPHERSON was called to preside by Judge FURST under the provisions of the act of 1887, P. L. 14.   The jury rendered a verdict for defendant; whereupon plaintiff made a motion for a new trial which was duly argued in Bellefonte before Judge McPHERSON and the associate judges.

The court thus constituted believed it advisable to suggest terms of settlement to the parties, and with this end in view separated without deciding the pending motion.   The suggested settlement was not carried out, and, after its failure became known, the associate judges, on Feb. 26, and March 3, 1894, respectively, wrote separate letters to Judge McPHERSON, stating their wish that a new trial should be granted.   It was his opinion, however, that Glamorgan Iron Co. v. Snyder, 84 Pa. 397, placed the responsibility of decision upon himself

alone; and (the Centre county courts being then in vacation) he accordingly sent his decision in writing, refusing a new trial, from Harrisburg to the prothonotary in Bellefonte by whom it was filed of record. Judgment was afterwards entered by defendant upon the verdict, and a motion made by plaintiff to vacate the judgment and to grant a new trial as recommended by the associate judges.

Pending this motion, the present application was made to the Supreme Court asking for a mandamus (1) to require Judge McPherson to grant a new trial, and (2) further relief.

An answer was filed by A. G. Morris.

*Chas. P. Hewes*, for petition.

*Jas. A. Beaver*, for A. G. Morris, contra.

Per Curiam, April 23, 1894:

This application for a mandamus, etc., is ruled by Glamorgan Iron Co. v. Snyder, 84 Pa. 397.

In that case the several acts of assembly relating to special courts were considered and construed adversely to the contention of the petitioner in this case. In disposing of the pending motion for a new trial as he did, the learned judge who specially presided at the trial acted within the scope of the authority vested in him by the second section of the act of May 5, 1864, which provides : " For the purpose of expediting and furthering the business of special courts, holden by any president, district or associate judge, where matters shall be held under advisement by him, or points reserved, and when motions for a new trial and in arrest of judgment and other questions shall be left pending after the determination of the term or session, the judge so holding the said special court shall have power, in vacation, to determine the matters so held under advisement, reserved and left pending, and to send his decision in writing to the prothonotary or clerk of the court, as the case may be, (with his reasons, if he deems it necessary) to be filed of record in the cause, either in vacation or in term time, with the same effect as if decided and entered in term time." This section, construed in connection with previous legislation on the subject, was evidently intended " to regulate the practice in all

cases in which law judges should hold courts out of their respective districts, and in all cases those courts are included in the designation, in that section, of special courts."

The prayer for a mandamus is therefore denied, and the petition dismissed with costs to be paid by the petitioner.